Gritton vs. McDonald, &c.

The law and facts were submitted to the court, and judgment was rendered for Erwine, from which Johnson appeals.

A. M. STOUT, for appellant.
YEAMAN & LITTLE, for appellee.

---

CASE 11—PETITION EQUITY—DECEMBER 15.

## Gritton vs. McDonald, &c.

APPEAL FROM WASHINGTON CIRCUIT COURT.

The execution of a deed of conveyance, without expressly stating therein what part of the purchase money remains unpaid, operates as a waiver of the lien of the

grantor; the lien is entirely gone and cannot again be asserted against any person or for any purpose. The cases of *Stockwell vs. Chapman*, 18 *B. Mon.*, 650, and *Cottman vs. Martin*, 1 *Metcalfe*, 563, are approved, and the case of *Neal vs. Davis*, 17 *B. Mon.*, 143, in conflict with them, is disapproved.

R. J. BROWNE, for appellant, cited *Rev. Statutes*, 2 *vol.*, *page* 260; 18 *B. Mon.*, 653; 1 *Metcalfe*, 564.

M. R. & T. B. HARDIN, for appellees, cited *Civil Code, sections* 137, 389, 580; 17 *B. Mon.*, 142.

CHIEF JUSTICE STITES DELIVERED THE OPINION OF THE COURT:

The case of *Neal vs. Davis*, (17 *B. Mon.*, 143,) is not in harmony with the cases of *Stockwell vs. Chapman*, (18 *B. Mon.*, 650,) and of *Cottman vs. Martin*, (1st *Metcalfe*, 563.)

The language of the 26th section, chap. 80., *Rev. Stat.*, (*Stanton's edition*, vol. 2, page 230,) is as follows:

"When any real estate shall be hereafter conveyed, and the purchase money, or any part thereof, shall remain unpaid at the time of the conveyance, the grantor shall not thereby have a lien for the same, unless it be expressly stated in the deed what part of the consideration remains unpaid."

In *Stockwell vs. Chapman, supra,* this court say: "This provision seems to be susceptible of but one construction, and that is, that a vendor, when he executes a deed of conveyance retains no lien for the unpaid purchase money unless he complies with the requisitions of the statute, and *expressly* states in the deed *what part* of the consideration remains unpaid;" and proceed at length to show that such construction can alone give effect to the intent of the legislature as indicated by the words of the act.

And in *Cottman vs. Martin, supra,* in which the question as to a lien came up directly between the vendor and vendee it is said, after referring to *Stockwell and Chapman, supra,* that "the question, however, is not alone what was the object to be accomplished by the change of the law, but also, what is the effect of the change? It is evident that if the execution of a deed of conveyance, without expressly stating therein what part of the purchase money remains unpaid, operates as a waiver of the lien of the grantor, as the statute expressly declares it shall,

the lien is entirely gone, and cannot again be asserted against any person or for any purpose. The statute does not say merely that the grantor shall have no lien, that he can render available against a purchaser from his vendee, but he shall have no lien *whatever* for the unpaid purchase money.

"The legislature may have intended to protect creditors as well as purchasers, and for that reason have made the execution of the deed amount to a waiver of the grantor's lien, unless he complied with the requisitions of the statute. Such, however, is its obvious effect and operation, whatever object the legislature may have designed to accomplish by its enactment."

In our judgment the construction of the section, *supra*, given in the two cases mentioned, which have been decided since that of *Neal vs. Davis*, is fully warranted by the language of the section, and gives effect to the intent of the legislature as manifested by the words employed. We therefore deem the said cases as authoritative and conclusive of the case now in hand.

Here the deed fails to state what part of the consideration or purchase money remained unpaid at the time of its execution, and for that reason the lien of the vendor no longer existed.

It results, therefore, that although the appellees may have been entitled to a personal judgment upon the note sued on, because there was no defense made by the appellant, still they clearly had no right to a judgment *in rem*, subjecting the land to the payment of said debt.

As the judgment has to be reversed for the error indicated, it will be proper upon the return of the cause to allow the appellant to file his answer, if application therefor is made within a reasonable time.

The judgment is *reversed*, and cause remanded for further proceedings not inconsistent with this opinion.